UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MDK CORPORATION,** ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|    vs. ) | CAUSE NO. 1:05-cv-244-DFH-WTL |
| ) | |
| **WEST BEND MUTUAL INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
|    Defendant. ) | |

### ENTRY ON PENDING MOTIONS

This cause is before the Court on two motions filed by defendant West Bend Mutual Insurance Company ("West Bend"): (1) Motion for Leave to Amend Scheduling Order and Allow West Bend Mutual Insurance Company to Assert Counterclaim; and (2) Motion to Amend Scheduling Order and in the Alternative Motion in Limine Barring Untimely Produced Expert Reports. Both motions are fully briefed, and the Court, being duly advised, **GRANTS** the first motion and **GRANTS IN PART** the second motion as set forth below.

<u>Motion to Assert Counterclaims</u>

Plaintiff MDK Corporation ("MDK") operates gasoline service stations throughout Indiana. In this case, MDK alleges that comprehensive general liability ("CGL") and businessowners liability ("BOP") insurance policies issued to it by West Bend for the period from October 1995 to October 1999 obligate West Bend to defend and indemnify it for environmental investigation, cleanup and remediation expenses that it has and will incur at 22 of its gas stations. In its first motion, West Bend seeks leave to amend its answer to MDK's amended complaint in order to assert two counterclaims. MDK objects on the grounds that West Bend's motion is untimely and that in any event the amendments it seeks would be futile.

MDK correctly argues that because West Bend's motion to amend was filed after the deadline for amending pleadings had expired, West Bend must establish good cause for allowing the amendment it seeks. *See Trustmark Ins. Co. v. General & Cologne Life Re of America* 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'"). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* (citation omitted). West Bend has demonstrated that it exercised reasonable diligence in moving to assert its two counterclaims.

West Bend's first proposed counterclaim arises out of the fact that some of the "occurrences" that caused the contamination for which MDK seeks coverage may have occurred prior to 1995, when MDK was insured first by USF&G and then by Indiana Insurance. As West Bend explains in its motion:

> The "computation of damages" stated in MDK's initial disclosure states plaintiff's claims against West Bend to be for West Bend's allocation of the "unreimbursed" clean up expenses for gasoline contamination at the 22 stations, the allocation representing its "alloted share" of them as compared to other insurers of MDK during the time of station operations. . . . In contrast to the plaintiff's "computation of damages," MDK's recently disclosed expert report opines on the total cost of site investigation and cleanup for contamination occurring throughout the time of the Indiana Insurance and USF&G insurance policy periods. Specifically, [MDK's expert] Mr. Mundell opined that the releases occurred at several of the sites from "historical spills, overspills and tank/piping losses for a period of several years prior to their discovery" in 1998 without specifying when the contamination occurred. Mundell's opinion by implication finds contamination occurring during the Indiana Insurance and USF&G policy periods.

In its proposed counterclaim, West Bend asserts a claim for contribution and/or subrogation against MDK for the portion of contamination that occurred during the time MDK was insured

by USF&G and Indiana Insurance.[1]   Because it was unclear that MDK intended to seek indemnification from West Bend for "occurrences" that occurred before October 1995 until it submitted Mundell's supplemental expert report in February 2006, and West Bend filed its instant motion promptly thereafter, it has demonstrated good cause for not seeking leave to assert its counterclaim earlier.

Similarly, in its second proposed counterclaim West Bend seeks declaratory judgment that it is not entitled to pay any expense for which MDK has received reimbursement from Indiana's Excess Liability Trust Fund ("ELTF").  Again, in light of the statement in MDK's initial disclosures that it was seeking "unreimbursed clean up expenses," it was not until West Bend received MDK's supplemental expert report that it became aware that MDK intended to seek amounts that had been reimbursed by ELTF.

In addition to its timeliness argument, MDK also argues that the amendments sought by West Bend would be futile because West Bend's proposed counterclaims fail as a matter of law. As the parties' briefs on the issue demonstrate, whether and to what extent West Bend might be entitled to contribution or subrogation from MDK's other insurers is complex issue that will require both factual determinations and interpretation of the applicable law – it is by no means readily apparent that there is no set of facts under which West Bend could prevail on its counterclaim.  It also appears that whether payments from the ELTF constitute a collateral source–or even whether the Indiana common law collateral source rule survived the enactment of the collateral source statute, which applies only to personal injury and wrongful death suits–is

---

[1] It appears that West Bend has entered into settlement agreements with both USF&G and Indiana Insurance pursuant to which it agrees to defend and indemnify them against contribution claims.

an open issue of law.  Accordingly, West Bend's proposed counterclaims are not futile on their face.

For the reasons set forth above, West Bend's motion to amend its answer to assert two counterclaims is **GRANTED**.  West Bend shall file its amended answer **within 7 days of the date of this Entry**.[2]

## Case Management Schedule

West Bend has filed a motion to amend the case management schedule in this case which is based in large part on the fact that MDK has not yet submitted all of its expert reports.  MDK generally agrees with West Bend's proposal, with one exception:  West Bend seeks an extension of the deadline for amending pleadings to June 30, 2006, and MDK is opposed to extending that deadline.  It appears that the impetus behind West Bend's suggestion and MDK's opposition is West Bend's motion to assert a counterclaim, which is resolved above.  However, at this stage in the litigation, the Court believes it appropriate to require a showing of good cause before any additional amendments to the pleadings are made.  Accordingly, the deadlines in this case are amended as follows:

1. MDK shall serve its final expert reports by **May 31, 2006**;

2. West Bend shall disclose its experts and serve its expert reports by **July 31, 2006**;

3. Any dispositive motions shall be filed by **September 29, 2006**;

4. Discovery shall be completed by **October 31, 2006**;

5. The parties shall file their final witness and exhibit lists by **October 31, 2006**;

6. The Magistrate Judge recommends the trial in this case be rescheduled to a date

---

[2] West Bend has filed its proposed counterclaims, but has not submitted a proposed amended answer that includes its proposed counterclaims as required by Local Rule 15.1.

in May 2007.

SO ORDERED:

5/15/06

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Jon C. Abernathy
GOODIN ABERNATHY & MILLER
jabernathy@gamlawyers.com
ahunt@gamlawyers.com

Christopher J. Braun
PLEWS SHADLEY RACHER & BRAUN
cbraun@psrb.com

Stephen P. Brown
PLUNKETT & COONEY PC
sbrown@plunkettcooney.com
mglassford@plunkettcooney.com

Charles W. Browning
PLUNKETT & COONEY, P.C.
cbrowning@plunkettcooney.com
cpoznick@plunkettcooney.com

Cynthia J. Crowe
JEFFREY LEAVELL SC
cynthiajcrowe@cs.com

Jonathan P. Emenhiser
PLEWS SHADLEY RACHER & BRAUN
jemenhiser@psrb.com
smegathlin@psrb.com

Jeffrey D. Featherstun
PLEWS SHADLEY RACHER & BRAUN
jfeather@psrb.com

Jeffrey Leavell
jeffleavell@cs.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Richard A. Rocap
ROCAP WITCHGER, LLP
rar@rocap-witchger.com

Karen B. Scheidler
PLEWS SHADLEY RACHER & BRAUN
kscheidler@psrb.com skcox@psrb.com

Rebecca Lizdas Ullenberg
JEFFREY LEAVELL SC
rullenberg@cs.com

5